United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

WESLEY LEWIS,

    Plaintiff,

  v.

SARA SIEGAL, et. al,

    Defendants.

Case No. 16-cv-7279-NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The court granted him leave to proceed in forma pauperis. (Doc. 8.)

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff challenges certain conditions of his parole.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

A challenge to a portion of the discretionary parole conditions imposed by the CDCR or parole authority may be pursued in a § 1983 action if success on the claim would not imply the invalidity of the plaintiff's conviction or state court sentence. *See Thornton v. Brown*, 757 F.3d

834, 841 (9th Cir. 2014). "Not all parole conditions are essential to the 'fact' of a parolee's confinement; and a parolee's challenge to parole terms that are more analogous to 'conditions' in the prison context will not speed the parolee's release from parole." *Id*. at 845.

Plaintiff states that he was released from CDCR custody in July 2016 but the Santa Cruz Probation Department added terms of his parole that he take all medication prescribed by a doctor. Plaintiff seeks to have this term of parole removed. However, plaintiff is currently in custody at the Santa Cruz County Jail. It is unclear if he is in custody on the underlying conviction for which he was paroled or if he is in custody for another reason such as violating the terms of parole.

If plaintiff is challenging the terms of parole and he is not incarcerated due to the underlying conviction then a § 1983 action may be appropriate. If plaintiff is in custody due to violating these parole conditions, then a finding that the conditions are unlawful would undermine the validity of plaintiff's current jail sentence and he may not proceed with a § 1983 action. *See Heck,* 512 U.S. at 487. In that instance plaintiff would need to file a habeas petition after exhausting state court remedies. The complaint is dismissed with leave to amend for plaintiff to provide more information concerning why he is incarcerated and how his underlying conviction and terms of parole are related to his current placement in county jail.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so

1  may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
2  Procedure 41(b).
3  **IT IS SO ORDERED.**
4  Dated:  February 28, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge