UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

WESLEY LEWIS,
    Plaintiff,

v.

SARA SIEGAL, et. al,
    Defendants.

Case No. 16-cv-7279-NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court dismissed the original complaint with leave to amend and plaintiff has filed an amended complaint. (Docs. 9, 11.)

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff challenges certain conditions of his parole.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

A challenge to a portion of the discretionary parole conditions imposed by the CDCR or parole authority may be pursued in a § 1983 action if success on the claim would not imply the

2

invalidity of the plaintiff's conviction or state court sentence. *See Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014). "Not all parole conditions are essential to the 'fact' of a parolee's confinement; and a parolee's challenge to parole terms that are more analogous to 'conditions' in the prison context will not speed the parolee's release from parole." *Id.* at 845.

Plaintiff states that he was released from CDCR custody in July 2016 but the Santa Cruz Probation Department added terms of his parole that he take all medication prescribed by a doctor. Plaintiff seeks to have this term of parole removed. When the court reviewed the original complaint, plaintiff was in custody at the Santa Cruz County Jail. It was unclear if he was in custody for violating the terms of parole or for a separate reason.

If plaintiff was challenging the terms of parole and he was not incarcerated due to the underlying conviction and violating parole then a § 1983 action may be appropriate. If plaintiff was in custody due to violating these parole conditions, then a finding that the conditions were unlawful would undermine the validity of plaintiff's parole violation jail sentence and he would not be allowed proceed with a § 1983 action. *See Heck,* 512 U.S. at 487. In that instance plaintiff would need to file a habeas petition after exhausting state court remedies. The complaint was dismissed with leave to amend for plaintiff to provide more information concerning why he was incarcerated and if his underlying conviction and terms of parole were related to his current placement in county jail.

Plaintiff has filed an amended complaint but has failed to address the deficiencies outlined in the prior court order. Plaintiff states he was incarcerated when he filed the prior complaint, but was released on February 9, 2017, but was incarcerated again on April 5, 2017, and is still incarcerated. It is still not clear if plaintiff is in custody due to violating the terms of parole that he challenges in this action. If he is in custody for violating the terms of parole he must file a habeas petition. The complaint is dismissed to provide more information as discussed above.

**CONCLUSION**

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this

3

order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 16, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge